# Commonwealth, for and on behalf of Pike County Bar Association, v. Hinton.

(Decided June 8, 1934.)

A. F. CHILDERS and W. W. BARRETT for appellant.

W. A. DAUGHERTY for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

An information filed by the Pike County Bar Association against the appellee seeking his disbarment having been dismissed, the Bar Association appeals.

The information charges that the appellee in his professional capacity had collected money for and on behalf of his clients and had failed and refused after demand to account for the same. The appellee admitted that the items set forth in the information and alleged to have been collected by him had in fact been collected either by him or by a collection agency, a partnership composed of himself, his wife, and his law partner. He denied, however, that he had retained these items with any intention to work a fraud upon his clients, or that he had failed or refused to account for the same, or that any demand had been made upon him for the payment. On these issues the parties went to trial. Though it is true the proof fails to show that appellee retained the sums mentioned in the information with any intention to defraud his cliens, it does show that he had been highly delinquent in remitting to his clients the amounts due them. Further, the evidence satisfactorily discloses that appellee was fully apprised by letter and telegrams sent to him from his clients of the delinquency of his collection agency and indeed of himself in paying over to his clients the sums collected. After these proceedings were instituted, appellee made heroic efforts to settle with his clients. With some of them he settled before the proceedings were actually instituted; with most of them he settled by cash, or by note, a few days before this case was tried; with two of his clients who have gone into bankruptcy he has not settled. While his efforts to settle with his clients is to be commended, yet that alone does not excuse him from failing to settle with his clients when he should. 20 C. J. 437, sec. 22; 9 R. C. L. 1279, sec. 20, note 16. Neither can he be fully excused because since the institution of this proceeding he has repaid. 6 C. J. 601, sec. 62; 2 R. C. L. 1095, sec. 188, notes 9 and 10; 43 A. L. R. 66, note on Restitution. We have no difficulty in distinguishing this case from Duffin v. Commonwealth, 208 Ky. 452, 271 S. W. 555, for in that case, as appears from the opinion, all claims were settled before demand and before the institution of the proceeding; such not being true in the instant case. In view of all the extenuating circumstances of this case, we have come to the conclusion that appellee was not guilty of such misconduct as demands his disbar-

ment, but that it at least requires condemnation by the court expressed by a suspension from practice until January 1, 1935. It is so ordered.

Judgment reversed, with instructions to enter a judgment in accordance with this opinion.